UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MATTEL, INC.,

                        Plaintiff,                                  18-cv-11644 (PKC)

      -against-

                                                     OPINION
                                                   AND ORDER

BETTERLOVER, et al.,

                        Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Mattel, Inc. ("Mattel") brought this action alleging various claims of copyright and trademark infringement of Mattel's registered, well-known Barbie marks and works. (Compl. (Doc 7).) Defendants are alleged to have sold counterfeit Barbie products infringing Mattel's marks on web-based platforms, including Wish.com, an online marketplace with 300 million users. (Id. ¶¶ 5, 31.) Defendant BUYBEAUTYPRODUCTS is alleged to be one such infringing seller.

        Mr. Kevin A. McLean wrote to the Court's Pro Se Intake Unit from an address in Ontario, Canada transmitting a Notice of Appearance, Answer, Counterclaim and Cross-Claim. (Doc 49.) Without judicial intervention, the Clerk's Office accepted the documents for filing (Doc 50) and listed McLean as a party to the action, even though he is not named or mentioned in the Complaint.

        Mattel has come forward with documentary evidence that demonstrates that BUYBEAUTYPRODUCTS is the "doing business as" name for International Antidomestic Global Cloud Cyber Vanity Distribution Inc. ("IAGCCVDI"), a corporation organized under the

laws of British Columbia, of which McLean is Chief Executive Officer. Because a non-natural person may only be represented by an attorney admitted to practice before this Court, Mattel now moves to strike BUYBEAUTYPRODUCTS' submissions pursuant to Rule 12(f), Fed. R. Civ. P. (Doc 109.) For the reasons explained, Mattel's motion will be granted.

DISCUSSION

The Court entered an Order implicitly referring to McLean, noting:

> The Court has received various documents in chambers from an individual wishing to substitute himself for the named defendant buybeautyproducts, an alleged sole proprietorship. A corporate entity may not appear pro se; it may only appear through an attorney admitted to practice in this Court. 28 U.S.C. § 1654; see Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007). The application is denied without prejudice.

(Order of Apr. 18, 2019 (Doc 53).)

McLean persisted in his claim that BUYBEAUTYPRODUCTS is a sole proprietorship of which he is the sole owner. (See, e.g., Doc 59.) Mattel wrote to the Court submitting documentary evidence in support of its claim that BUYBEAUTYPRODUCTS is in fact a "doing business as" name of IAGCCVDI. (Doc 62.)

The Court entered an Order requiring McLean to file the following with this Court by November 15, 2019:

> 1. A statement identifying any and all businesses of any type and however organized, including but not limited to sole proprietorships, partnerships, limited liability companies or corporations, with which he is affiliated, including but not limited to as officer, director, member, partner, manager, owner or proprietor, that at anytime since January 2017 has sold or offered to sell any product by, at, on or through the website operating as Wish or wish.com. For each such business and for the period January 2[01]7 through the present, set forth the nature of the affiliation between Mr. McLean and that business and all names under which it has done business.
>
> 2. A statement whether at any time since January 2017 Mr. McLean has been the Chief Executive Officer of International An[ti]domestic

> Global Cloud Cyber Vanity Distribution Inc., a corporation organized under the laws of British Columbia, and whether said corporation has done business utilizing as a name the words buy, beauty, and products, regardless of spacing between the words, capitalization, underscoring, font or punctuation marks, including but not limited to the names BuyBeautyProducts, BUYBEAUTYPRODUCTS, or buybeautyproducts.
>
> 3. A statement whether at any time since January 2017 Mr. McLean has had any affiliation, including but not limited to as officer, director, member, partner, manager, owner or proprietor, with any business of any type and however organized, including but not limited to sole proprietorships, partnerships, limited liability companies or corporations, that has sold or offered to sell products utilizing as a name the words buy, beauty, and products regardless of spacing between the words, capitalization, underscoring, font or punctuation marks, including but not limited to the names BuyBeautyProducts, BUYBEAUTYPRODUCTS, or buybeautyproducts.  For each such business and for the period January 2017 through the present, set forth the nature of the affiliation between Mr. McLean and that business and all names under which it has done business.
>
> 4. Identify all entities included within the Buy Beauty Group of Business Associations and Charitable Entities referred to in ¶ 12 of Mr. McLean's declaration docketed on May 8, 2019 and appearing at Doc 61.
>
> 5. Identify the sole proprietor of BuyBeautyProducts, BUYBEAUTYPRODUCTS, and/or buybeautyproducts.

(Order of Oct. 29, 2019 (Doc 88).)  The October 29 Order warned that the failure to comply would result in the striking of all pleadings, motions or applications submitted by McLean and/or by BuyBeautyProducts, BUYBEAUTYPRODUCTS or buybeautyproducts.  (Id.)  McLean filed a response on November 19, 2019.  (Doc 91.)

        Mattel now moves to strike McLean's submissions on the ground that BUYBEAUTYPRODUCTS is the name by which IAGCCVDI does business.  Mattel has come forward with a pleading filed by IAGCCVDI on October 6, 2017 in the Supreme Court of British Columbia, which alleges that IAGCCVDI is "DBA BUY BEAUTY PRODUCTS ('Buy Beauty

- 3 -

Products')" and that IAGCCVDI is a corporation organized under the laws of British Columbia. (Doc 62, Ex. 2 ¶ 1.) The pleading states that McLean is the CEO and Chairman of Buy Beauty Products. (Id. ¶ 10.)

Mattel has also submitted a copy of the British Columbia Registry Services summary for IAGCCVDI, current as of June 15, 2018. (Doc 62, Ex. 1.) The summary reflects that McLean is the CEO of IAGCCVDI. (Id.) Further, it states that IAGCCVDI is not in liquidation. (Id.)

McLean's submissions repeatedly state that IAGCCVDI has been dissolved, and that BUYBEAUTYPRODUCTS is operating as a sole proprietorship of which he is the sole proprietor. (Doc 91 ¶¶ 69, 70, 78, 81, 83.) In response to this motion, McLean relies upon what are, by his count, 13 declarations filed with the Court—and states that a fourteenth is forthcoming—and a 63-page "Memorandum of Law." (Doc 118; id. at 19-20 of 63.) The submissions, closely read, are specious and filled with conclusory assertions unsupported by any relevant documentary evidence.

McLean relies in part on his November 19 declaration (Doc 91) in opposing this motion. (Doc 118 at 17-18 of 63.) This declaration reveals the baselessness of his position:

> To be clear, [IAGCCVDI] is not a corporation organized under the laws of B.C. but it was a corporation organized under the laws of B.C. It did not file its corporate annual reports for the years 2018 and 2019 and it was struck by the B.C. registrar for failing to comply with this requirement.

(Doc 91 ¶ 69.) First, McLean has not come forward with any order or documentation that the "registrar" has "stricken" the corporation.[1] His conclusory assertions do not overcome the

---

[1] McLean has submitted "Consolidated Financial Statements" for Reveal Industries Ltd. for years 2014-2017. (Doc 91 at 59-97 of 129.) McLean identified Reveal Industries Ltd. as a British Columbia-incorporated entity that is part of the Buy Beauty Group of Business Associations and Charitable Entities. (Id. ¶ 81(b).) It is unclear how or whether Reveal Industries Ltd.'s financial records are relevant to the present action.

presumption of continuance.[2]  Second, this action was commenced on December 13, 2018, a point in time when it is implausible that "corporate annual reports for the years 2018 and 2019" would have been due.  Thus, McLean's own assertion does not support the claim that IAGCCVDI ceased to exist as of the time of filing of this action.

To the extent Mattel sued the corporation under a trade name it uses when "doing business," the claim is nevertheless viable as asserted against the corporation which held the name as of the date of commencement of this action.  The Court will require Mattel to amend its pleading to name the entity as a party defendant.  See Darby v. Compagnie Nat. Air France, 132 F.R.D. 354, 355 (S.D.N.Y. 1990) (personal jurisdiction acquired over a corporation improperly named as a d/b/a of another corporation); see also Chen v. Best Wingers LLC, No. 16 cv 1130 (AT) (RLE), 2016 WL 4540836, at *1 (S.D.N.Y. Aug. 29, 2016) (amendment permitting naming of actual corporation where sued as "XYZ Corporation d/b/a/ Best Wingers.").

A corporation is an artificial entity and is not permitted to appear in federal court except by an attorney admitted to practice in the court.  See, e.g., Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) (interpreting 28 U.S.C. § 1654); Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (per curiam) (reversing order that allowed action to proceed against a pro se defendant corporation).[3]  It is also settled that a corporation may not thwart this public policy by assigning its claim to an individual, regardless of the individual's

---

[2] "A state of things once shown to exist is presumed to continue until the contrary is demonstrated."  Maitland v. C.D. Mallory & Co., 40 F. Supp. 522, 523 (S.D.N.Y. 1941); see also McFarland v. Gregory, 425 F.2d 443, 447 (2d Cir. 1970) (describing "the continuity presumption (if a situation exists at one point in time, it is to be presumed that it exists thereafter)").

[3] The rule is one that has existed in some form for nearly two centuries.  See Osborn v. Bank of United States, 22 U.S. (9 Wheat.) 738, 830 (1824) ("A corporation, it is true, can appear only by attorney, while a natural person may appear for himself.").  The Court notes that sole proprietorships are not within the scope of this general rule prohibiting entities from proceeding pro se, as they have "no legal existence apart from [their] owner[s] . . . ." Lattanzio, 481 F.3d at 140.  Here, however, McLean has failed to establish that BUYBEAUTYPRODUCTS is indeed a sole proprietorship.

affiliation with the corporation.  Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 23 (2d Cir. 1983) ("In light of these policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual."); see also Sanchez v. Walentin, 526 F. App'x 49, 51 (2d Cir. 2013) (summary order) (citing Jones).  The rule applies with even greater force where it is not the claim that is assigned but an attempt is made to assign or transfer the liability to an individual.  If and to the extent McLean is correct that the "doing business as" name was later transferred by the corporation to himself personally, it did not cause him to become a party to the action.  The parties to an action are determined as of the time of filing by the party bringing the action.

The Court notes that McLean, who signs his submissions "Kevin A. McLean (B.A., J.D., CIM)," has been subject to disciplinary proceedings and enjoined by the Supreme Court of British Columbia from engaging in certain activities related to the practice of law.  (Doc 62, Ex. 3.)  This included "representing himself to be a lawyer, barrister, solicitor, retired or otherwise, or using any title that connotes he is qualified or entitled to engage in the practice of law."  (Id. ¶ 131(b)(1).)  In particular, the Supreme Court of British Columbia's decision in McLean v. Law Society of British Columbia, 2018 BCSC 264, refers to McLean as a "twice-disbarred lawyer" and as someone who engaged in vexatious litigation conduct.  (Id. ¶¶ 1, 132.)

CONCLUSION

For the foregoing reasons, plaintiff's motion to strike is GRANTED.  The Clerk is respectfully directed to terminate the motion (Doc 109), and to strike the following submissions from the docket: Docs 49-51, 59-61, 63-66, 69, 71-77, 80, 85-87, 89-93, 97, 99-104, 106-108, 132-137.

Within 21 days, plaintiff Mattel shall amend the caption and body of its Complaint to identify the corporation against whom its claim was asserted at the time the action was instituted. Any corporation so named may only appear in this action by an attorney admitted to practice in this Court.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       June 8, 2020