
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC.,<br><br>*Plaintiff*<br><br>V.<br><br>BETTERLOVER, BONICIACHIC, BRINGDREAM, BUYMOREMORE, CHERISH_, DABINTXUE, ETEMENANKI, GLUBTECK, GUOJIAJIA, HONGJINGDA STORE, HUAYI PHOTO LTD, HUNHUNSTORE, INTELLIGENT_LIFE, INTERNATIONAL ANTIDOMESTIC GLOBAL CLOUD CYBER VANITY DISTRIBUTION INC. D/B/A BUYBEAUTYPRODUCTS, JIANGLIN STORE, JOHNNY SHOP, JOYFUL FISH, KOLLIA, LENGSHANBO, LINGFEICUIKAIG, LOVER SPACE WALL STICKER, LUCKY JOHN FENG'S STORE, LUCY WANG, MORALTOP, OEY DEDIANPO, PPINGSMILE, QINGFENTE, REWEVIRGINHAIR, SHENZHEN YAHOO BUYING CO.,LTD., SILINYUAN, SKY-EYE, WANGHAIBING, WEDDING DECORATION CHINA, WESTBLUEFLOWERS, XIAOJIAN XIE, XINHUI SUPPLY, XIXIAOXIAO, XUEXUEZHIZI, YEQIAN, YESCON, YIWUSHIMIAOJINDIANZISHANGWUYOUXIANGONG SI, ZHANGQIANQ, ZHENGZECHENG AND ZHIYUANSTORE,<br><br>*Defendants* | **CIVIL ACTION No. 18-cv-11644 (PKC)**<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

## **GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. | N/A |
| **Defendants** | Betterlover, boniciachic, Bringdream, buymoremore, Charles' House, Cherish_, Chinese Shenzhen Gaode Trading Company, Dabintxue, dingxu's store, etemenanki, GLuBTeck, guojiajia, HITTIME, hongjingda store, HUAYI PHOTO LTD, hunhunstore, intelligent_life, International Antidomestic Global Cloud Cyber Vanity Distribution Inc. d/b/a Buybeautyproducts, jianglin store, Johnny shop, Joyful Fish, Kollia, laboutiquedestoons, lengshanbo, lingfeicuikaiG, lover space wall sticker, Lucky John Feng's Store, lucy wang, moraltop, New Lucky, oey dedianpo, pazc009, PPingSmile, qamawcuqing, qingfente, renguofei, rewevirginhair, ShenZhen Yahoo Buying Co.,Ltd., silinyuan, Sky-eye, The Beauty Club, wanghaibing, wedding decoration china, WeichsterSports, weixiaoming1, westBlueflowers, Xiaojian Xie, XinHui supply, xixiaoxiao, xuexuezhizi, yeqian, Yescon, yiwushimiaojindianzishangwuyouxiangongsi, zeagoo2008, Zfqlp16, zhangqianq, zhengzecheng, zhiyuanstore and International Antidomestic Global Cloud Cyber Vanity Distribution Inc. d/b/a Buybeautyproducts | N/A |
| **Defaulting Defendants** | boniciachic, Bringdream, Cherish_, Dabintxue, Etemenanki, GLuBTeck, Guojiajia, hongjingda store, HUAYI PHOTO LTD, Hunhunstore, intelligent_life, International Antidomestic Global Cloud Cyber Vanity Distribution Inc. d/b/a Buybeautyproducts, jianglin store, Johnny shop, Joyful Fish, Kollia, Lengshanbo, lingfeicuikaiG, lover space wall sticker, Lucky John Feng's Store, lucy wang, moraltop, oey dedianpo, PPingSmile, rewevirginhair, ShenZhen Yahoo Buying Co.,Ltd., Sky-eye, Wanghaibing, wedding decoration china, westBlueflowers, Xiaojian Xie, XinHui supply, Xixiaoxiao, xuexuezhizi, yeqian, Yescon, Yiwushimiaojindianzishangwuyouxiangongsi, zhangqianq, zhengzecheng and zhiyuanstore | N/A |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation | N/A |

| | | |
|---|---|---|
| | ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | |
| **Sealing Order** | Order to Seal File entered on December 13, 2018 | 1 |
| **Complaint** | Plaintiff's Complaint filed on December 13, 2018 | 7 |
| **Amended Complaint** | Plaintiff's Amended Complaint filed on June 18, 2020 | 149 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on April 9, 2021 | 13-16 |
| **Delanty Dec.** | Declaration of Lisa Delanty in Support of Plaintiff's Application | 15 |
| **Arnaiz Dec.** | Declaration of Jessica Arnaiz in Support of Plaintiff's Application | 14 |
| **Scully Dec.** | Declaration of Brieanne Scully in Support of Plaintiff's Application | 16 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on December 13, 2018 | 16 |
| **PI Show Cause Hearing** | December 20, 2018 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | Preliminary Injunction Order entered on December 20, 2018 | 21 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
|---|---|---|
| **Barbie** | An iconic and world-renowned fashion doll | N/A |
| **Barbie Marks** | U.S. Trademark Registration Nos.: 689,055 for "BARBIE" for a variety of goods in Class 28; 2,678,386 for "BARBIE" for a variety of goods in Classes 3, 6, 8, 9, 11, 12, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28 and 30; 2,087,842 for "*Barbie*" for a variety of goods in Class 28; 2,639,971 for "*Barbie*" for a variety of goods in Class 25 and 28; 774,892 for "SKIPPER" for a variety of goods in Class 28; 2,931,614 for "CHELSEA" for a variety of goods in Class 28; 3,083,593 for "BARBIE COLLECTOR" for a variety of goods in Classes 28 and 41; 3,189,837 for "PINK LABEL" for a variety of goods in Class 28; 3,702,525 for "FASHIONISTAS" for goods in Class 28; 5,214,711 for "YOU CAN BE ANYTHING" for a variety of goods in Class 28; 5,233,292 for "BARBIE DREAMTOPIA" for a variety of goods in Class 28; 5,449,612 for "BABYSITTERS INC." for a variety of goods in Class 28; 6,097,805 for "COLOR REVEAL" for a variety of goods in Class 28; and 898,209 for "MATTEL" for a variety of goods in Class 28 | N/A |
| **Barbie Works** | U.S. Copyright Reg. Nos.: VA 2-038-351, covering the 2017 Barbie Packaging Branding for Consumer Products; VA 2-135-686, covering the 2016 Catalog Fall Mattel; and VA 945-179 covering CEO BARBIE | N/A |
| **Barbie Products** | A vast range of commercial products including dolls, playhouses, toy cars, books, movies, games, puzzles and clothing sold under the Barbie brand | N/A |

| | | |
|---|---|---|
| **Counterfeit Products** | Products bearing or used in connection with the Barbie Marks and/or Barbie Works, and/or products in packaging and/or containing labels bearing the Barbie Marks and/or Barbie Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Barbie Marks and/or Barbie Works and/or products that are identical or confusingly or substantially similar to the Barbie Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on April 12, 2022 | TBD |
| **Futterman Aff.** | Affidavit by Danielle S. Futterman in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting and copyright infringement arising out of Defaulting Defendants' unauthorized use of Plaintiff's Barbie Marks and/or Barbie Works including, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle (Yamali) Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons, Complaint, and Amended Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I.   Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint.

### II.   Damages Awards

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages requested in its Motion for Default Judgment, the Court awards Plaintiff Fifty Thousand Dollars ($50,000.00) ("Defaulting Defendants' Individual Damages Award") in statutory damages

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

against each of the Forty (40) Defaulting Defendants pursuant to 15 U.S.C. § 1117(c) for a total of Two Million Dollars ($2,000,000.00) ("Defaulting Defendants' Collective Damages Award"), as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a).

### III.     Permanent Injunction

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad) who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Barbie Marks and/or Barbie Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Barbie Marks and/or Barbie Works;

   B. directly or indirectly infringing in any manner Plaintiff's Barbie Marks and/or Barbie Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Barbie Marks and/or Barbie Works to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Barbie Marks and/or Barbie Works, or any other marks and/or artwork that are confusingly or substantially similar to the Barbie Marks and/or Barbie Works on or in connection with the manufacturing, importing, exporting, advertising,

marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii. Defaulting Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, copyrights or other rights including, without limitation, the Barbie Marks and/or Barbie Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Barbie Marks and/or Barbie Works pursuant to 15 U.S.C. § 1118;

5) IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Frozen Assets from or to Defaulting Defendants' Financial Accounts until further ordered by this Court;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

   A. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) below.

6) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   i. providing services to Defaulting Defendants and Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

   ii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(2) and III(3)(A) through III(3)(B) above through III(4)(A) above.

### IV. Dissolution of Rule 62(a) Stay

7) IT IS FURTHER ORDERED, ADJOURNED AND DECREED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V. Miscellaneous Relief

8) IT IS FURTHER ORDERED, ADJOURNED AND DECREED that any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizures of property.

9) IT IS FURTHER ORDERED, ADJOURNED AND DECREED that the Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection to this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10166.

10) IT IS FURTHER ORDERED, ADJOURNED AND DECREED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

The Clerk of the Court is respectfully directed to terminate the instant motion (Doc 168) and close the case.

**SO ORDERED.**

SIGNED this 3rd day of May, 2022.

_____
P. Kevin Castel
United States District Judge